IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS MOYLER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. FANNIN, et al., )<br>)<br>Defendants. ) | Civil Action No. 7:20-cv-00028 |

## **ORDER**

This case is presently before the court on Plaintiff Thomas Moyler, Jr.'s request for a jury trial. By order entered February 7, 2022, the parties were directed to brief several issues, including whether Moyler timely demanded a jury trial. Defendants filed a response to the order in which they oppose Moyler's request. Moyler has not responded to the briefing order, and the time for doing so has expired. For the following reasons, the request for a jury trial is denied.

Rule 38 of the Federal Rules of Civil Procedure provides that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

In this case, Moyler did not request a jury trial in his original complaint or file a written demand for a jury trial within 14 days of Defendants' answer. Instead, he requested a jury trial for the first time in an amended complaint docketed on January 27, 2021, which added new defendants. "It is generally held that a jury demand may be made in connection with the filing of an amended complaint only with regard to new issues raised in that complaint." Lawrence v.

Hanson, 197 F. Supp. 2d 533, 536 (W.D. Va. 2002). "An amendment which merely adds defendants or changes defendants does not introduce new issues to a case, and therefore does not revive a plaintiff's opportunity to request a jury trial." Jones v. Boyd, 161 F.R.D. 48, 49 (E.D. Va. 1995). Because Moyler's amended complaint simply added certain defendants to the existing due process claim, it did not revive his right to demand a trial by jury. Consequently, Moyler's request was untimely, and he therefore waived the right to a jury trial.

Even when a jury trial is not timely requested, the court retains the discretion to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). In deciding whether to grant a party's request for a jury trial, the court is guided by four factors identified by the United States Court of Appeals for the Fourth Circuit: (1) whether the issues are more appropriate for determination by a jury or a judge; (2) whether granting a jury trial would prejudice the opposing parties; (3) the timing of the request; and (4) any effect a jury trial would have on the court's docket and the orderly administration of justice. Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 940 n.11 (4th Cir. 1980). Ultimately, the court has "broad discretion to grant or deny a motion under Rule 39(b)," and its decision is entitled to deference in the absence of exceptional circumstances. Macsherry v. Sparrows Point, LLC, 973 F.3d 212, 229 (4th Cir. 2020).

Having considered the factors identified by the Fourth Circuit, the court declines to exercise its discretion to order a jury trial. Although Defendants do not contend that they would be prejudiced by the conduct of a jury trial or that a jury trial would adversely affect the court's docket, they correctly note that the timing of Moyler's request—made months after the original complaint was docketed in this action—weighs against ordering a jury trial. Additionally, and more importantly, the court agrees with Defendants that the issues to be determined in this case

are better suited for resolution by a judge than a jury. Moyler's due process claim presents several questions of law, including whether he had a liberty or property interest subject to due process protection and, if so, what process was due. See, e.g., Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995) ("Whether [the inmate] had a protected interest sufficient to trigger constitutional protection . . . is an issue of law . . . .") (internal quotation marks and citation omitted); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985) ("Once a protected interest is found, the court must then decide what process is due. This is a question of law."). Moreover, the relief sought in this case includes equitable and declaratory relief, which can only be issued by the court. On balance, the court finds that the applicable factors weigh against exercising its discretion to order a jury trial.

For these reasons, Moyler's request for a jury trial is **DENIED**. The case will proceed to a bench trial beginning on May 10, 2022.

Entered:   May 2, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge