IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS MOYLER, JR., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:20-cv-00028 |
| v. | ) |
| J. FANNIN, et al., | ) |
| Defendants. | ) |

**ORDER**

On March 16, 2023, the court entered judgment in favor of Plaintiff Thomas Moyler, Jr., and against Defendant F. Stanley on the procedural due process claim asserted against Stanley in her individual capacity and awarded Moyler $1.00 in nominal damages. The case is now before the court on Moyler's motion for an award of costs. Stanley has not opposed the motion, and the time for doing so has expired. For the reasons set forth below, the motion is granted.

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). The language of Rule 54(d)(1) "gives rise to a presumption in favor of an award of costs to the prevailing party." Id. A "prevailing party" is defined as "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). "[E]ven an award of nominal damages suffices under this test." Id. at 604 (citing Farrar v. Hobby, 506 U.S. 103 (1992)). Therefore, Moyler qualifies as a prevailing party for purposes of Rule 54(d)(1). See Project Vote/Voting for Am., Inc. v. Dickerson, 444 F. App'x 660, 662 (4th Cir. 2011) (noting that plaintiffs who recovered nominal damages, but were denied equitable relief, "were undoubtedly

the prevailing party below"); G v. Fort Bragg Dependent Schs., 343 F.3d 295, 310 (4th Cir. 2003) (explaining that a party need not prevail on every claim to be considered a prevailing party).

Moyler specifically seeks to recover the $350.00 fee for filing this action. The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920. Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 562 (2012). Pursuant to the statute, "fees of the clerk" may be taxed as costs. 28 U.S.C. § 1920(1).

Moyler was granted the opportunity to pay the filing fee through installments from his inmate trust account, pursuant to 28 U.S.C. § 1915(b). Court records indicate that no funds have been collected for this particular case. Therefore, the court will require Stanley to pay the outstanding balance of $350.00. See, e.g., Johnson v. Lopez, No. 2:15-cv-00884, 2023 WL 1869072, at *2 (D. Nev. Feb. 9, 2023) (awarding costs to a prevailing prisoner in the amount of the filing fee and directing the defendants to tender the remaining balance of the filing fee to the Clerk); Tatum v. Meisner, No. 3:13-cv-00044, 2018 WL 300989, at *2 (W.D. Wis. Jan. 5, 2018) (same).

Accordingly, it is hereby **ORDERED** as follows:

1. Moyler's motion for an award of costs (ECF No. 98) is **GRANTED**.

2. Moyler is awarded costs in the amount of $350.00 to cover the applicable filing fee.

3. Stanley shall tender to the Clerk the remaining balance of $350.00, along with a copy of this order.

4. No additional payments shall be collected from Moyler's inmate trust account for this case. This order does not apply to the filing fee due for any other action that Moyler has filed.

5. The Clerk shall send a copy of this order to the parties and to the Trust Accounts Officer at Moyler's present institution.

    Enter: April 12, 2023

    /s/ Robert S. Ballou

    Robert S. Ballou
    United States District Judge